José Bas Aguilar, Petitioner and Appellee, v. Pension Board, etc., Respondent and Appellant.

No. 6654. Argued March 17, 1936.—Decided April 24, 1936.

B. Fernández García (Benjamin J. Horton on the brief), Attorney General, and T. Torres Pérez, Assistant Attorney General, for appellant. L. Tirado Géigel for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

José Bas Aguilar applied to the District Court of San Juan for a writ of mandamus to compel the Pension Board of the Permanent Officers and Employees of the Insular Gov-

ernment of Puerto Rico to decree the retirement of the plaintiff due to involuntary separation from the service according to law.

The petitioner alleged that he held the office of Clerk of the District Court of Bayamón from October 3, 1916, to April 21, 1932; that prior to the latter date, when he was still discharging the said office, he addressed a petition to the Board of Pensions for retirement under section 9 of Act No. 104 of 1925 (Session Laws); that he made that petition because the term of four years for which he had been appointed to said office was about to expire; that he has never expressed his intention to abandon said position but on the contrary, he had intended to continue filling the same; that the board denied his petition because it was of the opinion that a person appointed for a definite term should not be considered as involuntarily separated at the completion of the term for which he was appointed, and that he has applied for a reconsideration of that decision several times but without avail.

The lower court, after hearing the parties, issued a peremptory writ of mandamus commanding the board to decree the retirement of the petitioner as for involuntary separation from the service with the pension corresponding to him according to law. Thereupon the said board took an appeal from that judgment, and it urges that the trial court erred in construing section 9 of Act No. 104 of 1925 (Session Laws, p. 948), in the sense that its provisions are applicable to the present case, and in issuing the peremptory writ of mandamus prayed for by the petitioner.

The section claimed to have been erroneously interpreted reads thus:

"If an officer or employee of forty or more years of age, to whom this Act is applicable, after having served for a total period of not less than fifteen years and before he is entitled to retire, is involuntarily separated from the service for any reason except removal from the classified or unclassified Civil Service, such officer or

employee shall be entitled to an annual life pension equal to two (2) per cent of his average basic annual salary or compensation during the last seven years of computable service, multiplied by the number of years of service. If an officer or employee receiving a pension under the provisions of this section returns to active service, his pension shall cease and he shall again contribute to the retirement fund of the officers and employees of the Civil Service in the same manner and in the same proportion as he contributed prior to his separation from the service. At the time of his subsequent retirement, he shall be credited with such services as he rendered prior to his separation from the Government and the service rendered after having returned to active service.''

The section above transcribed, which was in force when the petitioner was separated from his office and when this proceeding was instituted, tends to protect every officer or emp'oyee who, not having as yet a right to retire, is involuntarily separated from the service for any reason, except removal, where he is over forty years old and has served for a period of not less than fifteen years.

The only question for us to decide in the case at bar is whether the petitioner can be considered as involuntarily separated from the service, the term of the office for which he was appointed having expired without his being reappointed in spite of the fact that he was willing to continue discharging such office.

In the opinion of the appellant board it can not be said that an officer or employee has been separated from his office because the term thereof has expired. The separation involves the act of a person and can never result from the expiration of the term. According to the appellee, separation from the service, as the law says, is not the same thing as separation from office. The cited statutory provision refers to an involuntary separation from the Civil Service for any reason, except removal; and according to the appellee, the expiration of the term of office does not precisely imply that said officer or employee was convinced that he was going to abandon the service of the Government. On the

contrary, it seems natural that a person who has already devoted fifteen years of his life to serve the government should tend to continue serving it and should so expect it in the absence of circumstances that should induce him to abandon it of his own accord. Said officer or employee may be appointed or transferred to another position in the government and so continue in the Civil Service, in spite of the fact that the term for which he was appointed is about to expire or has already expired.

The question raised merits careful study. An employee who accepts an office that has a fixed term knows that at the expiration of said term he may be reappointed or may lose his office because another person has been appointed in his stead. Does the loss of said employment under these circumstances constitute an involuntary separation from office? We know of no judicial decision on this question, up to the present time. The district court has cited two opinions from the Office of the Comptroller General, construing section 7 of the Retirement Act of the Federal Government. Said section reads, in part, as follows:

"Should any employee fifty-five years of age or over to whom this act applies, after having served for a total period of not less than fifteen years and before becoming eligible for retirement under the conditions defined in section 1 hereof, *become involuntarily separated from the service,* not by removal for cause on charges of misconduct or delinquency, such officer employee shall be paid as he or she may elect, etc. . . . ." (Italics ours.)

As may be seen, the Federal Act uses the same words as ours: "involuntarily separated from the service."

The Comptroller General in the case of Jacob Levensen, decided on December 20, 1932, stated the following in an opinion:

"Of course, 'involuntarily separated from the service' was primarily intended to refer to separations from the service for administrative reasons over which the employee has no control, such as lack of work or funds, reduction in force, etc., but the express exception

from involuntary separations within the meaning of the act of 'removal for cause on charges of misconduct or delinquency' would indicate, pursuant to the legal maxim '*expressio unius est exclusio alterius*,' that all separations from the service against the will or without the consent of the employee, other than those for cause based on charges of misconduct or delinquency, are to be classed as 'involuntary.' ''

The Acting Comptroller General, on November 11, 1933, held as follows:

''The expiration of the period for which a temporary appointment was made would constitute an involuntary separation within the meaning of section 8(a) of the act of June 16, 1933, and section 7 of the act of May 29, 1930, 64 Stat. 474.''

Also the Attorney General of Pennsylvania, cited in Corpus Juris-Cyc. Service, Annotations, 1927–1931, p. 2569, in construing a provision similar to the one embodied in section 9 of the Retirement Act, has said:

''Can we say that man's discontinuance from State service is voluntary when he has absolutely no volition to exercise in the matter except such as may have been involved when he consented or chose to run for an office with a definite term? In the Century Dictionary and Cyclopedia 'Voluntary' is defined as follows: 'Proceeding from the will; done of or due to one's own accord or free choice; unconstrained by external interference, force, or influence; not compelled, prompted, or suggested by another; spontaneous; of one's or its own accord; free.'

''In giving effect to the language which the legislature used with the manifest intention of embracing all persons in the Retirement Association, it seems reasonable to conclude that when the term of an elective officer, who may not succeed himself, expires, his discontinuance from service must be considered as not voluntary. It is interesting to note that the New York authorities have given to the expression discontinued from service 'through no fault of his own,' etc., a similar interpretation.

''The same reasoning applies and the same conclusion must follow in the case of an officer appointed for a definite term. He may not continue on in service of his own accord; the appointive power at the date of the expiration of such an officer's term may alone determine whether he is to be continued in his position. The con-

clusion would be otherwise, of course, if such appointive officer should choose to tender his resignation at the end of his term or prior thereto. That action, however, formally taken would be evidence of a voluntary discontinuance." 12 Pa. Dist. & Co. Reports 205.

The opinion of the Comptroller General and that of the Attorney General of Pennsylvania, although lacking the effect of a judicial decision, may still hold for us the weight of their reasoning. The legal provision we are discussing offered the officer or employee of forty or more years of age a life pension, according to his services for a period of not less than fifteen years. The services received by the Government, once this period has elapsed, do not vary because of the fact that the employee should have discharged his office for a definite or an indefinite term. There is no apparent reason for making any distinction. Nor is there any for depriving an officer from the benefits of the law by according to the same a restrictive interpretation. This pension is granted only to an officer or employee involuntarily separated from the service for any reason except removal. The instant case does not fall within that exception because the employee has not been removed. We are dealing with a case of separation, and if it has been involuntary, we can not deny his right to retire and to receive the pension. The will of the petitioner played no part in his discontinuance from the service, as may be inferred from the allegations of the complaint. He was separated from office at the expiration of the term due to acts entirely foreign to his will and exercised against his own wishes.

The judgment appealed from must be affirmed.